

**FILED**
**JUNE 23, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TIMOTHY WAYNE CARTER <br> also known as <br> TIMOTHY WAYNE CARTER, JR. <br><br> Petitioner, <br><br> v. <br><br> NATHANIEL QUARTERMAN, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | 2:09-CV-143 |

### REPORT AND RECOMMENDATION TO DISMISS AS SUCCESSIVE

Petitioner TIMOTHY WAYNE CARTER has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his state conviction for the offense of robbery. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief is successive and should be DISMISSED.

### I.
### PROCEDURAL HISTORY

On July 31, 1990, upon a motion to revoke deferred adjudication, petitioner was convicted by the 320th District Court of Potter County, Texas of robbery. Petitioner received a twenty-year sentence. Petitioner attaches two judgments and two mandates purportedly from the Seventh Court of Appeals. The first appellate court judgment, dated December 12, 1990, abated the appeal and remanded the case to the trial court. Mandate issued the same day. The second judgment, dated

January 14, 1991, stated that no appeal could be taken from an order to proceed to adjudication of guilt and dismissed the appeal for want of jurisdiction. Mandate on that judgment issued March 1, 1991. There is no indication petitioner requested a petition for discretionary review.

In November 1994, petitioner filed his first state habeas corpus application. *Ex parte Carter,* WR-27,685-01. His application was denied without written order. Petitioner also filed one state habeas corpus application 1995 (which was denied without written order), two habeas corpus applications in 2003 (which were dismissed as subsequent), and two motions for leave to file a habeas corpus application in 2008 (which were denied without written order). *See Ex parte Carter*, WR-27,685-02, -04, -05, -08, -09.

Petitioner requested habeas corpus relief in the federal court in November 2004. *Carter v. Dretke*, 2:04-CV-323. In April 2005, this Court issued a Report and Recommendation to dismiss the petition, based on the 1990 conviction, as time barred. Later that month, the District Court issued an Order Adopting the Report and Recommendation and a corresponding Judgment. Petitioner filed a Notice of Appeal in May 2005, which was construed as a Certificate of Appealability. In May 2005, the District Court denied the issuance of the Certificate of Appealability; in June 2006, the Fifth Circuit likewise denied the issuance of such. While it is not contained in the docket sheet of cause number 2:04-CV-323, petitioner apparently requested permission from the Fifth Circuit to file a successive habeas corpus petition after the court's June 2006 order. That court denied petitioner's request in September 2006. After this order, petitioner filed one more Notice of Appeal in October 2007, which was dismissed by the Fifth Circuit in December 2007. Petitioner filed the instant habeas corpus petition in June 2009.

## II.
## PETITIONER'S ALLEGATIONS

In his petition and amendment thereto, petitioner appears to contend he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner received ineffective assistance of counsel because his attorney:

    a. failed to properly advise him of his right to withdraw his original guilty plea,
    b. failed to inform his of his right to appeal,
    c. failed to notify him of the state appellate court's order remanding the case in December 1990.

2. The trial court failed to properly admonish petitioner.

## III.
## PERMISSION TO FILE APPLICATION

By the instant federal habeas corpus application, petitioner challenges his conviction for the offense of robbery out of the 320th District Court of Potter County. Petitioner has challenged this conviction and resulting sentence in a previous federal habeas corpus application. *See Carter v. Dretke*, 2:04-CV-323. As discussed above, petitioner's application was dismissed as time barred, and the Fifth Circuit not only refused to issue a Certificate of Appealability, but additionally refused to allow petitioner to file a successive petition. *See id.*, documents 43, 45.

Title 28 U.S.C. section 2244(b)(3)(A) provides that ***before*** a second or successive application permitted by section 2244(b)(2) is ***filed*** in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 2244(b)(3)(A), which became effective April 24, 1996, creates a "gatekeeping" mechanism at the appellate court for the consideration of second or successive applications in the district courts. *Felker v. Turpin*, 518 U.S. 651, 657, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996). Specifically, it "transfers from the district court to the court of appeals a screening function which would previously

have been performed by the district court." *Id.* Permission may be obtained only by filing, with the appropriate federal appellate court, a motion for authorization to file a successive habeas petition with the district court. *In re Epps*, 127 F.3d 364 (5th Cir. 1997) (detailing the procedure for obtaining authorization from the appellate court). The federal court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines the application makes a prima facie showing that the application satisfies the requirements set forth in 28 U.S.C. section 2244(b)(2).

The strictures of section 2244(b)(2) allow a district court to consider a claim presented in a second or successive habeas application[1] that was not presented in a prior application only if the claim (1) "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;" or (2) is based on a factual predicate that "could not have been discovered previously through the exercise of due diligence" and which, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

In any event, this Court is bound by the law of Title 28 U.S.C. section 2244(b)(3), and therefore cannot consider the instant application for habeas corpus relief without an order from the United States Court of Appeals for the Fifth Circuit authorizing it to do so. Petitioner has failed to demonstrate that he has obtained such authorization to file the pending federal habeas corpus application. Because petitioner has failed to obtain the appropriate appellate court permission to file a successive federal habeas petition with this Court as required by 28 U.S.C. section 2244(b)(3)(A),

---

[1] Title 2244(b) does not define what constitutes a "second or successive habeas corpus application." Even so, the undersigned finds the instant application for habeas relief is a "second or successive habeas corpus application" within the meaning of section 2244(b) because it, like petitioner's prior habeas applications, challenges petitioner's custody pursuant to his conviction for the offense of robbery on July 31, 1990, out of the 320th District Court of Potter County, Texas.

this Court has no authority to consider his request for relief. Consequently, it is the undersigned's opinion that this Court lacks subject matter jurisdiction to consider petitioner's application for a writ of habeas corpus and that petitioner's federal application for habeas corpus relief should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), (h)(3) of the Federal Rules of Civil Procedure, and 28 U.S.C. section 2244(b)(3)(A).

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner TIMOTHY WAYNE CARTER be DISMISSED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 23rd day of June 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).